UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
CHRISTOPHER LOVE and                )
ANGELA PETROPOULOS,                 )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )
                                    )   Civil Action
MARK CLAVETTE, NICHOLAS MOCHI,      )   No. 18-11161-PBS
LESTER SULLIVAN, JONATHAN MARTINS,  )
BRENDAN PASCO, and THE CITY OF      )
CAMBRIDGE,                          )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM AND ORDER**

August 11, 2023

Saris, D.J.

**INTRODUCTION**

Plaintiff Christopher Love alleges that five police officers with the Cambridge Police Department illegally arrested him and used excessive force in carrying out the arrest in violation of the Constitution and state laws. Love and his wife, Angela Petropoulos, bring this twelve-count complaint against five police officers (Mark Clavette, Nicholas Mochi, Lester Sullivan, Jonathan Martins, Brendan Pasco) and the City of Cambridge. At issue here is a False Arrest claim against Officer Mark Clavette (Count I) and an Equal Protection claim under the Massachusetts Declaration of Rights against all Defendants (Count XII). Defendants move for

1

partial summary judgment on those two counts. For the following reasons, Defendants' Motion for Partial Summary Judgment (Dkt. 36) is **ALLOWED**.

## BACKGROUND

The following facts are taken primarily from Defendants' Statement of Undisputed Material Facts (Dkt. 38) and Plaintiffs' responses to those facts in their opposition brief (Dkt. 41 at 4-13). With all reasonable inferences drawn in favor of the non-moving party, these facts are treated as undisputed, notwithstanding alleged factual disputes identified by the parties.

### I. The Parties

Plaintiffs Love and Petropoulos are a married couple living at 51 Ellery Street in Cambridge, Massachusetts. Love is a "biracial (African-American and Caucasian) with a dark complexion." Dkt. 1-1 ¶ 15. At the time of this incident, Officers Mark Clavette, Nicholas Mochi, Lester Sullivan, Jonathan Martins, and Brendan Pasco were all employed as police officers by the City of Cambridge.

### II. The Arrest

At approximately 4:30 p.m. on March 27, 2015, Officer Clavette was conducting routine patrol at Massachusetts Avenue and Dunster Street in Harvard Square. As Love drove past him, Officer Clavette noticed that the registration on Love's car was expired. He ran

the license number and confirmed that the registration had been expired for more than four months. Officer Clavette attempted to stop Love by following Love's vehicle through traffic and flashing his blue lights. Observing the flashing lights, Love pulled his car over to allow the police cruiser to pass. When it did not, Love then "understood that the Officer intended to pull [him] over." Dkt. 41 at 6. Afraid for his safety, Love turned onto Ellery Street, drove a few houses down the street to his residence, and parked on his driveway in front of his garage. Officer Clavette parked his cruiser and sprinted up the driveway to Love.

Officer Clavette informed Love he was under arrest and that his car was not registered. Love asked, "What's going on? How can I help? I live here. Let's figure this out." Dkt. 41 at 8. As ordered by Officer Clavette, Love exited his vehicle. He "was told to get out or else [he] would be pepper sprayed." Dkt. 41 at 9. Officer Clavette then used pepper spray on Love twice. He threw Love to the ground, and the other Cambridge police officers joined in when they arrived at the scene. Love says he did not refuse or resist arrest. Instead, Love states he was protecting himself from the officers' assault.

Love was charged with: (1) Operating an Unregistered Vehicle in violation of Mass. Gen. Laws ch. 90, § 9; (2) Refusal to Provide a License in violation of Mass. Gen. Laws. ch. 90, § 25; (3) Failing to Stop for a Police Officer in violation of Mass.

3

Gen. Laws ch. 90, § 25; and (4) Resisting Arrest in violation of Mass. Gen. Laws ch. 268, § 32B. On May 31, 2015, a Middlesex jury found Love guilty of failing to stop for a police officer (in violation of Mass. Gen. Laws ch. 90, § 25) and civilly responsible for operating an unregistered vehicle. He was found not guilty on the remaining charges of refusing to provide a license and resisting arrest. Love was ordered to pay a $250 fine.

### III. **Procedural History**

This suit was removed from Middlesex Superior Court on June 1, 2018. On January 21, 2020, Defendants moved for partial summary judgment with respect to Counts I (False Arrest), II and IV (Violations of Massachusetts Civil Rights Act), and XII (Equal Protection), in addition to part of Count III (Violation of 42 U.S.C. § 1983). Dkt. 36. Plaintiffs did not oppose summary judgment on Counts II and IV. See Dkt. 41 at 4 n.1; Dkt. 47 at 4. They also did not dispute summary judgment on Count III as to the false arrest claim. See Dkt. 47 at 11-12. On February 18, 2020, Judge Douglas P. Woodlock held a summary judgment hearing and dismissed Counts II and IV, and also dismissed Count III as to the false arrest claim. Thus, the remaining counts at issue are the False Arrest claim under state law (Count I) and the Equal Protection claim under the Massachusetts Declaration of Rights (Count XII).

4

**LEGAL STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where the evidence "is such that a reasonable jury could resolve the point in the favor of the non-moving party." Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 87 (1st Cir. 2018) (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23-24 (1st Cir. 2017)). A material fact is one with the "potential of changing a case's outcome." Doe v. Trs. of Bos. Coll., 892 F.3d 67, 79 (1st Cir. 2018). "The court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in [its] favor." Carlson v. Univ. of New Eng., 899 F.3d 36, 43 (1st Cir. 2018).

**DISCUSSION**

**I. False Arrest Claim (Count I)**

The elements of a false arrest claim under state law are "(1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the defendant had no privilege to cause the confinement." Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 n.6 (1st Cir. 1995) (citing Restatement (Second) of Torts §§ 35, 118 cmt. b (Am. L. Inst. 1965)). A police officer's "authority to arrest is generally controlled by

5

Massachusetts common law and statutes, which confer the power and also define the limits of that power." Lunn v. Commonwealth, 78 N.E.3d 1143, 1154 (Mass. 2017). Here, the applicable statutory authority is Mass. Gen. Laws ch. 90, § 21, which gives police officers the authority to arrest individuals who violate Mass. Gen. Laws ch. 90, § 25, which includes individuals who refuse or neglect to stop for police officers.[1]

As Defendants contend, Officer Clavette arrested Love for failing to stop for a police officer. It is undisputed that Love was convicted by a jury for failing to stop for a police officer, in violation of Mass. Gen. Laws ch. 90, § 21, which in turn is an arrestable offense under Mass. Gen. Laws ch. 90, § 25. Therefore, Love's false arrest claim cannot proceed because doing so would "necessarily imply the invalidity of his conviction[.]" Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck, the Supreme Court held that when a plaintiff's claim and prior conviction are in conflict, the district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

---

[1] Mass. Gen. Laws ch. 90, § 21, provides that "[a]ny officer authorized to make arrests may arrest without a warrant . . . any person who, while operating or in charge of a motor vehicle, violates the provisions of [Mass. Gen. Laws ch. 90, § 25] . . . ." Mass. Gen. Laws ch. 90, § 25, is a criminal statute that punishes any person who "refuse[s] or neglect[s] to stop when signalled to stop by any police officer who is in uniform or who displays his badge conspicuously on the outside of his outer coat or garment . . . ."

6

his conviction[]; if it would, the [claim] must be dismissed unless the plaintiff can demonstrate that the conviction [] has already been invalidated." Id.; see also Cabot v. Lewis, 241 F. Supp. 3d 239, 257 (D. Mass. 2017) (applying the holding of Heck to state law claims). If Love were to prevail on his false arrest claim in this suit, that would imply Officer Clavette did not have the statutory authority to arrest Love for failing to stop, which would in turn undermine Love's state court conviction. Love's conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," or otherwise invalidated. See Heck, 512 U.S. at 487. Because Love's false arrest claim challenges the legality of his conviction, dismissal of the claim is appropriate.

Plaintiffs mistakenly rely on two state court cases, Baez and Lunn, to argue that the false arrest claim should survive because of the "breach of the peace" requirement for an arrest. Dkt. 41 at 15-16. In Commonwealth v. Baez, the Massachusetts Appeals Court held that a "sheriff [] cannot arrest without a warrant, even for those violations specifically enumerated in [Mass. Gen. Laws ch. 90,] § 21, if there is no concomitant breach of the peace." 678 N.E.2d 1335, 1338 (Mass. App. Ct. 1997). However, the holding in Baez applies to sheriffs, not police officers. The Baez court

7

took great pains to distinguish the "limited authority [of sheriffs] to make arrests," and that courts had "limited deputy sheriffs' power to make warrantless arrests to situations involving a breach of the peace." Id. at 1337-38. In this case, Mass. Gen. Laws ch. 90, § 21, explicitly grants statutory authority to "[a]ny officer authorized to make arrests," which may not include sheriffs but certainly encompasses police officers such as Officer Clavette.

Lunn is similarly inapposite. In Lunn v. Commonwealth, the Supreme Judicial Court held that under Massachusetts common law, "an officer has authority to arrest without a warrant any person who commits a misdemeanor, provided the misdemeanor involves an actual or imminent breach of the peace, is committed in the officer's presence, and is ongoing at the time of the arrest or only interrupted by the arrest." 78 N.E.3d at 1154. Plaintiffs cite to this case to argue that in order to be lawful, Office Clavette's arrest had to occur amidst an "ongoing breach of the peace." Dkt. 41 at 16. However, the Lunn court specifically recognized that, "[a]part from the common law," there are "numerous and varied Massachusetts statutes that authorize arrests by police officers and other officials, both with and without warrants," including "G.L.c. 90, § 21 (certain motor vehicle offenses)[.]" Id. at 1156. The statute by which Officer Clavette exercised his arrest authority, Mass. Gen. Laws ch. 90, § 21, is "apart from the

8

common law" and therefore does not require a finding of a "breach of the peace."

Because there is no genuine dispute that Officer Clavette had statutory authority to arrest Love for failing to stop for an officer, the Court **ALLOWS** summary judgment on Love's False Arrest claim (Count I).

## II.   Equal Protection Claim (Count XII)

In Count XII, Love alleges that Defendants violated Articles I and X of the Massachusetts Declaration of Rights by violating his right to equal protection. Specifically, Love claims that because he is "biracial with a dark complexion," he "was subject to racially-discriminatory policing, including the disparate use (and subsequent approval) of force by Defendants in violation of the guarantees of equal protection of the laws[.]" Dkt. 1-1 at 19. Defendants contend that this claim must fail because a direct cause of action under the Massachusetts Declaration of Rights has never been recognized.

Massachusetts state appellate courts have never held that a right of action to enforce the Massachusetts Declaration of Rights exists. See Pimentel v. City of Methuen, 323 F. Supp. 3d 255, 274 (D. Mass. 2018) ("No Massachusetts appellate court, in the 35 years since Phillips, has ever held that such a right exists."); Parson ex rel. Parsons v. Town of Tewksbury, No. 091595, 2010 WL 1544470, at *4 (Mass. Super. Jan. 19, 2010) ("No Massachusetts appellate

9

court has conclusively addressed the question of whether a party may bring a cause of action for damages based solely on the Declaration of Rights in the absence of a statutory vehicle.") (citing Layne v. Superintendent, Mass. Corr. Inst., Cedar Junction, 546 N.E.2d 166, 168-69 (Mass. 1989)). Some courts have suggested that a cause of action may exist or may be available in certain circumstances. See, e.g., Podgurski v. Dep't of Corr., No. 13-11751, 2014 WL 4772218, at *7 (D. Mass. Sept. 23, 2014) (recognizing that "as a general proposition, a cause of action can, in certain circumstances, be brought directly under the Massachusetts Declaration of Rights in the absence of a statutory vehicle for obtaining relief"); Phillips v. Youth Dev. Program, Inc., 459 N.E.2d 453, 457 (Mass. 1983) ("[A] person whose constitutional rights have been interfered with may be entitled to judicial relief even in the absence of a statute providing a procedural vehicle for obtaining relief.").

In accordance with this Court's precedent, the Court declines to recognize a direct cause of action under the Declaration of Rights because doing so would "develop and expand upon state law," and "[i]t is up to the courts of Massachusetts, not this Court, to make that choice." Pimentel, 323 F. Supp. 3d at 274. Therefore, the Court **ALLOWS** summary judgment on Love's Equal Protection claim (Count XII).

**ORDER**

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment (Dkt. 36) is **ALLOWED** as to Counts I (False Arrest) and XII (Equal Protection).

SO ORDERED.

/s/ Patti B. Saris
Hon. Patti B. Saris
United States District Judge